The UNIVERSITY OF TEXAS AT EL PASO, Appellant,

v.

Jessica NAVA, Appellee.

No. 08–85–00209–CV.

Court of Appeals of Texas, El Paso.

Dec. 11, 1985.

Rehearing Denied Jan. 9, 1986.

Jim Mattox, Atty. Gen., Patrick J. Feeney, Asst. Atty. Gen., Austin, for appellant.

Michael P. Moffeit, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

WARD, Justice.

The sole question presented on this appeal is whether, in a proper case, the monetary limitation of liability for damages for personal injury contained in the Texas Tort Claims Act should be applied to the total amount of a plaintiff's damages before the application is made of the comparative negligence percentage against the plaintiff's damages. We hold in the negative and affirm the trial court's judgment.

This is an appeal from a judgment awarding Appellee $80,000.00 personal injury damages. Suit was brought by the Appellee Jessica Nava against the University of Texas at El Paso pursuant to the Texas Tort Claims Act. The claim arose out of an automobile accident which occurred on August 11, 1983. A jury found both parties fifty percent negligent. The jury also determined Appellee's total damages to be $160,000.00. The trial court then entered judgment for Appellee and awarded her $80,000.00.

Appellant contends in its only point of error that the trial court erred in awarding the Appellee damages of $80,000.00 because the jury found the Appellant fifty percent liable and therefore the maximum amount for which the Appellant could be liable is $50,000.00, such sum being fifty percent of the maximum damages recoverable by the Appellee under the Texas Tort Claims Act. Thus, the Appellant argues

that the trial court should first have reduced the amount of the plaintiff's damages found by the jury to the then existing limits of the tort claims act of $100,000.00 and then applied the comparative statute.

The applicable liability provision is Section 3, Art. 6252–19 (Tex.Rev.Civ.Stat.Ann.) of the 1973 version of the act which as then written provided:

Each unit of government in the state shall be liable for money damages for property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $10,000 for any single occurrence for injury to or destruction of property.

Act of April 18, 1973, ch. 50, sec. 1, 1973 Tex.Gen.Laws 77, amended by Act of June 19, 1983, ch. 530, sec. 1, 1983 Tex.Gen.Laws 3084, 3084–85. The statutory provision governing the application of contributory negligence to tort actions is section 1 of the modified comparative negligence statute, which provides as follows:

Contributory negligence shall not bar recovery in an action by any person or party or the legal representative of any person or party to recover damages for negligence resulting in death or injury to persons or property if such negligence is not greater than the negligence of the person or party or persons or parties against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering.

Tex.Rev.Civ.Stat.Ann. art. 2212a, sec. 1 (Vernon Supp.1985).

Application of the comparative negligence statute requires that the plaintiff's percentage of contributory negligence found by the jury be multiplied by the total damages found by the jury. This amount is then deducted from the recovery. *Dabney v. Home Insurance Company,* 643 S.W.2d 386, 390 (Tex.1982). In the present case, the total amount of damages found by the jury was $160,000.00. The jury determined that Appellee was fifty percent negligent. Thus, $80,000.00 was the proper amount to deduct from Appellee's recovery, with the Appellant responsible for the remainder.

The purpose of the Texas Tort Claims Act is not to apportion damages according to fault, but, instead, to provide a limited waiver of the state's sovereign immunities. *See: Brown v. Owens,* 674 S.W.2d 748, 750 (Tex.1984). The act, as applied in this case, holds Appellant liable for money damages for Appellee's personal injuries which were proximately caused by Appellant's negligence. The money damages resulting from Appellant's negligence are $80,000.00, which does not exceed the $100,000.00 limit set by the legislature, so no further reduction need be made. There is no support in the Texas Tort Claims Act for Appellant's contention that a different application of the comparative negligence statute is called for in actions brought pursuant to the tort claims act. Apparently, up to this point, the method utilized in this case has been applied in other cases without question, although no challenge as to the method was made. *Trinity River Authority v.*

*Williams,* 689 S.W.2d 883 (Tex.1985), and *City of Austin v. Cooksey,* 570 S.W.2d 386 (Tex.1978).

Any doubt should be resolved in favor of the claimant pursuant to Section 13 of the act which provides that "[t]he provisions of this Act shall be liberally construed to achieve the purposes hereof." Tex.Rev. Civ.Stat.Ann. art. 6252–19, sec. 13 (Vernon 1970). Previously, doubts as to the act's meaning have been resolved in favor of the claimant pursuant to Section 13. *See: Salcedo v. El Paso Hospital District,* 659 S.W.2d 30, 32 (Tex.1983); *Mifsud v. Palisades Geophysical Institute, Inc.,* 484 F.Supp. 159, 162 (S.D.Tex.1980); *Flores v. Norton & Ramsey Lines, Inc.,* 352 F.Supp. 150, 156 (W.D.Tex.1972). The Appellant's point of error is overruled.

The judgment of the trial court is affirmed.