STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,

v.

Cherie R. COTNER, Appellee.

No. 10–91–051–CV.

Court of Appeals of Texas, Waco.

Feb. 26, 1992.

Rehearing Denied April 1, 1992.

Richard Mason, Asst. Attys. Gen., Austin, for appellant.

Robert J. Glasgow and Sam Taylor, Stephenville, Jerry Murad, Fort Worth, Andrew Ottaway, Granbury, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

We must decide if the monetary limitation on the State's liability for damages for personal injuries, contained in the Texas Tort Claims Act, should be applied to a plaintiff's damages before or after the comparative-negligence percentages found by the jury are applied to determine the State's right to contribution from a "contribution defendant."

Stephen and Cherie Cotner, husband and wife, were injured when their car, driven by Stephen, was involved in a one-vehicle accident on an icy bridge on Interstate 35. Cherie suffered permanent disabilities as a result of her injuries. Stephen and Cherie sued the Texas Department of Highways and Public Transportation (the "State"), alleging that its negligence in failing to make the dangerous condition of the bridge safe and in failing to warn them of the dangerous condition of the bridge were proximate causes of their injuries. The State, seeking contribution, filed a counterclaim against Stephen and alleged that his negligence caused the occurrence. The jury found that the State's failure to warn was a cause of the occurrence, that Stephen's negligence was also a cause, that the occurrence should be attributed fifty percent to the State's negligence and fifty percent to Stephen's negligence, that Cherie sustained damages in the amount of $5,750,000, and that Stephen sustained damages in the amount of $35,000. The State and Cherie moved for a judgment against the State based on the verdict; Stephen, however, made a motion for a new trial. The court entered judgment in favor of Cherie against the State for $250,000, then granted Stephen's motion for a new trial and severed his claims against the State from the remaining claims.

The State brings three points of error. It asserts that the court erred in denying its motion for a judgment based on the verdict, asserting that the correct judgment on the verdict would have awarded Cherie $250,000 against the State and the State $107,500 against Stephen (50% of $250,000 reduced by $17,500, which Stephen would otherwise recover from the State due to the damages that he sustained). It also asserts that the post-trial action effectively deprived it of its contribution claim when the court erred in granting Stephen a new trial and in severing his claims against the State.

The parties do not agree whether the doctrine of interspousal immunity, abolished by *Price v. Price*, prevented Cherie from bringing suit against Stephen. *See Price v. Price*, 732 S.W.2d 316, 319 (Tex. 1987). If Cherie had no claim against Stephen, then the State could not assert a claim against Stephen for contribution. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 33.016 (Vernon Supp.1992). Under our view of the proper application of the comparative negligence statute and the Tort Claims Act to these facts, as we will discuss, we need not determine whether Cherie had a claim against Stephen. Consequently, we assume, without deciding, that she did.

The Texas Tort Claims Act limits the State's liability for damages to any one person to $250,000. *See id.* at § 101.023 (Vernon 1986). The State's right of contribution from Stephen arose out of section 33.016 of the Civil Practice and Remedies Code, which provides that a party may seek contribution from a "contribution defendant," one who is liable for the claimant's damages but from whom the claimant seeks no relief at the time the case is submitted to the trier of fact. *See id.* at § 33.016(a) (Vernon Supp.1992). Thus, the State properly asserted a claim for contribution against Stephen and caused his percentage of responsibility to be determined

by the jury. *See id.* at § 33.016(a), (b). When the court considered what judgment to enter based on the jury's findings, the State's position was that the limitation of liability imposed by the Tort Claims Act should be applied *before* the percentages of comparative responsibility were applied, i.e., limit Cherie to a $250,000 recovery, then allow the State to recover contribution from Stephen for one-half that amount. *See id.* at §§ 33.016(d), 101.023 (Vernon Supp.1992 and Vernon 1986).

The El Paso Court of Appeals, in *University of Texas at El Paso v. Nava,* stated:

> The sole question presented on this appeal is whether, in a proper case, the monetary limitation of liability for damages for personal injury contained in the Texas Tort Claims Act should be applied to the total amount of a plaintiff's damages before the application is made of the comparative negligence percentage against the plaintiff's damages.

*University of Texas at El Paso v. Nava,* 701 S.W.2d 71, 71 (Tex.App.–El Paso 1985, no writ). Nava sued the University for damages arising out of an automobile collision. The jury found each party to be fifty percent negligent and found Nava's damages to be $160,000. The court entered judgment in Nava's favor for $80,000. On appeal, the University contended that the judgment should have been for one-half of $100,000, the then-existing limit on the State's liability. In affirming the judgment, the El Paso court said:

> The purpose of the Texas Tort Claims Act is not to apportion damages according to fault, but, instead, to provide a limited waiver of the state's sovereign immunities.... The money damages resulting from [the University's] negligence ... does not exceed the $100,-000.00 limit set by the legislature, so no further reduction need be made.

*Id.* at 72.

Section 33.015 of the Civil Practice and Remedies Code, which provides for contribution among jointly and severally liable defendants, provides for a right of contribution from other defendants who are jointly and severally liable, when one defen-

dant "pays a percentage of the damages ... greater than his percentage of responsibility." TEX.CIV.PRAC. & REM.CODE ANN. § 33.015(a) (Vernon Supp.1992). Section 33.016, on the other hand, provides for a right of contribution from a defendant who is not liable jointly and severally to the claimant and whose percentage of negligence is determined for contribution purposes only. *Id.* at § 33.016. The State apparently believes that, because section 33.016 does not use the language "pays a percentage of the damages ... greater than his percentage of responsibility," contribution defendants should be treated differently in the context of the Tort Claims Act. Such an interpretation could result in different judgments being entered in cases which are identical except for the single fact that a claimant chose not to sue a party for some reason. We do not believe that such an interpretation was intended by the Legislature. We agree with the analysis of the El Paso Court of Appeals and believe that the same rationale should be applied to the State's claim for contribution from Stephen. *See University of Texas at El Paso,* 701 S.W.2d at 72. Thus, the court properly applied the limitation of the Tort Claims Act to Cherie's damages of $5,750,-000 and rendered judgment against the State for the maximum of $250,000. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.023 (Vernon 1986). Because the State would never be required to pay more of Cherie's damages than its percentage of responsibility dictated, it could not recover a judgment against Stephen for contribution. *See University of Texas at El Paso,* 701 S.W.2d at 72. We overrule point one.

In points two and three, the State contends that the court erred in granting Stephen's motions for a new trial and severance after it entered judgment in favor of Cherie. It bases these contentions on its assertion that the granting of a new trial and severance effectively deprived the State of its right to contribution. Although the State asserted a "counterclaim" against Stephen, the pleading sought only contribution from him, not an affirmative recovery of damages to the State's property. The order granting a severance speci-

fied that "the cause of action asserted by Stephen Cotner against State Department of Highways and Public Transportation" was severed. Because no new trial was granted on the State's claim against Stephen for contribution, because our disposition of point one shows that the State's claim for contribution from Stephen for Cherie's damages was not affected by the granting of the new trial or the severance, and because the granting of a motion for new trial is generally an interlocutory, nonappealable order, we overrule points two and three. *See Cummins v. Paisan Const. Co.*, 682 S.W.2d 235, 236 (Tex.1984).

We affirm the judgment.