**TEXAS DEPARTMENT OF TRANSPORTATION, Formerly Known as State Department of Highways and Public Transportation, Appellant,**

v.

**Stephen COTNER and Cherie R. Cotner, Appellees.**

**No. 10–93–255–CV.**

Court of Appeals of Texas, Waco.

May 4, 1994.

Opinion Denying Rehearing June 8, 1994.

Richard Mason, Atty. Gen., Transp. Div., Austin, for appellant.

Robert J. Glasgow, Glasgow & Taylor, L.L.P., Martin L. Peterson, Stephenville, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This is the second appeal by the Texas Department of Transportation in a suit by Stephen and Cherie Cotner claiming that the State failed to warn of a dangerous condition on an icy bridge.[1] A jury found Stephen and the State both negligent and equally responsible for the accident. The jury assessed damages of $5,750,000 for Cherie, $35,000 for Stephen's past mental anguish and loss of his wife's society, companionship, household services, and consortium, and "0" for Stephen's future damages. The trial court rendered judgment for Cherie, awarding her $250,000 as the maximum recoverable under the Texas Tort Claims Act,[2] but severed Stephen's causes of action and granted his motion for a new trial.

On the first appeal, the State raised three points of error, complaining (1) that the trial court erred in entering judgment for Cherie without granting its motion for judgment on its contribution claim against Stephen; (2) that the trial court erred in granting Stephen's motion for severance after entry of judgment in favor of Cherie; and (3) that the trial court effectively deprived the State of a counterclaim for contribution by granting Stephen's motions for severance and a new trial. We overruled the State's first point of error, holding:

> Thus, the court properly applied the limitation of the Tort Claims act to Cherie's damages of $5,750,000 and rendered judgment against the State for the maximum of $250,000. See Tex.Civ.Prac. & Rem.Code Ann. § 101.023 (Vernon 1986). Because the State would never be required to pay more of Cherie's damages than its percentage of responsibility dictated, it could not

---

1. *See State Dep't of Highways and Public Transp. v. Cotner,* 826 S.W.2d 692 (Tex.App.—Waco 1992), *rev'd,* 845 S.W.2d 818 (Tex.1993).

2. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.023(a) (Vernon 1986).

recover a judgment against Stephen for contribution. *See University of Texas at El Paso [v. Nava]*, 701 S.W.2d [71] at 72.[3]

We also overruled points two and three, complaining of the severance of Stephen's causes of action and granting him a new trial. On appeal to the Texas Supreme Court, the State contended that the severance and partial new trial were improper. The Supreme Court granted the State's application for writ of error and, holding that the trial court erred in severing Stephen's claims against the State, reversed this court's judgment and remanded the case to the district court for further proceedings.[4]

On remand the State again moved for entry of judgment on the verdict, arguing that the State was entitled to contribution against Stephen in the amount of $125,000, to be offset by Stephen's recovery against the State of $17,500. The Cotners objected to the State's motion for judgment, arguing that, because the State would not be obligated to pay a percentage of damages greater than its percentage of responsibility, it had no right of contribution against Stephen. Before the hearing on the State's motion, however, the State amended its motion and, based on the Supreme Court's recent opinion in another icy-bridge case against the State,[5] moved for a judgment notwithstanding the verdict. The trial court denied the State's motion for judgment notwithstanding the verdict and granted Stephen's motion to dismiss his claims against the State with prejudice. The court entered an amended final judgment granting $250,000 to Cherie, ordering that Stephen recover nothing against the State, and ordering that the State recover nothing on its counterclaim for contribution against Stephen. The State again appeals, raising three points of error.

In point one the State contends that the trial court erred in rendering judgment on the verdict because the Cotners "had full knowledge of precipitation accompanied by freezing temperatures at the time of the accident, and under such conditions an icy bridge is something a motorist can and should anticipate, negating any duty on the part of defendant State to warn of such condition." In point two the State contends that the trial court erred in refusing to render a judgment notwithstanding the verdict because as a matter of law there was no evidence to support the jury's answer to question four—that Stephen did not have actual knowledge of the dangerous condition of the bridge. In its brief the State argues points one and two together as challenges to the legal sufficiency of the evidence to support the jury's finding that Stephen did not have actual knowledge of the dangerous condition of the bridge.

■ First, we note that the State did not raise such a legal sufficiency challenge on its first appeal. Instead, it moved for judgment in favor of Cherie for $250,000, subject to its counterclaim for contribution against Stephen. As a result, the State cannot now attack the finding that entitles Cherie to judgment.[6]

■ Furthermore, a challenge to the legal sufficiency of the evidence to support a finding of fact cannot be sustained without a complete statement of facts.[7] Because the State has not provided a statement of facts from the trial, we are unable to review its complaints regarding the sufficiency of the evidence to support the jury's answer to question four.

■ Finally, the State argues that, as a result of the Supreme Court's holding in *Kitchen*, the jury's answer to question four cannot support a judgment in favor of Cherie. In *Kitchen*, the Supreme Court held that when there is precipitation accompanied by near-freezing temperatures, as in that case, an icy bridge is neither unexpected nor un-

---

3. *Cotner*, 826 S.W.2d at 694.

4. *Cotner*, 845 S.W.2d at 819.

5. *See State Dep't of Highways and Public Transp. v. Kitchen*, 867 S.W.2d 784 (Tex.1993).

6. *See Daniel v. Kittrell*, 188 S.W.2d 871, 874–75 (Tex.Civ.App.—Waco 1944, no writ).

7. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 806–07 (Tex.1968).

usual, but rather, entirely predictable.[8] As a result, the Supreme Court held that, under the circumstances of that case, an icy bridge is not a special defect.[9] Therefore, absent the findings necessary to establish a claim arising from a premise defect, the State was not liable to the plaintiffs in *Kitchen.*[10] In this case, however, the Cotners sought and obtained favorable findings on each element necessary to establish liability for a premise defect, including the finding that was missing in *Kitchen*—that the State knew of the dangerous condition prior to the accident.[11] As a result, the trial court did not err in rendering judgment on the verdict in favor of Cherie Cotner.

■ In point three the State contends that the trial court erred in denying the State's motion for judgment on its contribution claim against Stephen. This point, however, raises the same complaint raised by point of error one in the State's first appeal to this court. In the first appeal we overruled the State's first point of error, holding that because the State would never be required to pay more of Cherie's damages than its percentage of responsibility dictated, it could not recover a judgment against Stephen for contribution.[12] Because this point has already been adjudicated adversely to the State and has become the law of the case, we will not reconsider it on this second appeal.[13] Therefore, we overrule point of error three.

We affirm the judgment. Finally, Cherie Cotner requests damages for delay as authorized by Rule 84 of the Rules of Appellate Procedure. Finding that the State has taken this appeal for delay and without sufficient cause, we award Cherie Cotner $7,500 as damages against the Texas Department of Transportation.[14]

## OPINION ON MOTION FOR REHEARING

Cherie Cotner has filed a motion for rehearing asking us to "clarify the matter of the amount of post-judgment interest which she is entitled to receive." Cherie argues that post-judgment interest should accrue from February 13, 1991, the date of the initial judgment against the State. However, when the Supreme Court reversed this court's opinion in the first appeal, it remanded the case to the trial court for further proceedings, with instructions that the trial court was "free to render a final judgment or to grant all parties a new trial, and to take other actions not inconsistent with this opinion."[1] On remand, the trial court entered an amended judgment, signed on August 30, 1993, awarding Cherie $250,000, "with interest thereon at the maximum lawful rate from the date of this Judgment until paid."

Although Cherie's brief concludes with a prayer that "the judgment of the trial court dated February 13, 1991, will again be affirmed," that is not the judgment from which the State perfected this second appeal. In addition to awarding damages to Cherie, the amended judgment ordered that Stephen recover nothing on his claims against the State and denied the State's counterclaim for contribution against Stephen. With regard to the amended judgment, the record does not reflect that Cherie objected to the judgment's award of interest from "the date of this Judgment."[2] Furthermore, because Cherie did not raise this complaint by cross-point in her brief on original submission, we

8. *Kitchen,* 867 S.W.2d at 786.

9. *Id.; see also* Tex.Civ.Prac. & Rem.Code Ann. § 101.022(b) (Vernon 1986).

10. *See Kitchen,* 867 S.W.2d at 786.

11. *See id.*

12. *See Cotner,* 826 S.W.2d at 694.

13. *See Med Center Bank v. Fleetwood,* 854 S.W.2d 278, 283 (Tex.App.—Austin 1993, writ denied).

14. *See Dallas County Appraisal District v. The Leaves, Inc.,* 742 S.W.2d 424, 431 (Tex.App.—Dallas 1987, writ denied); *Bullock v. Sage Energy Co.,* 728 S.W.2d 465, 468–69 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

1. *See State Dep't of Highways and Public Transp. v. Cotner,* 845 S.W.2d 818, 819 (Tex.1993).

2. *See* Tex.R.App.P. 52(a).

decline to address it now on motion for rehearing.[3]

We deny Cherie Cotner's motion for rehearing.

---

**3.** *See* Tex.R.App.P. 74(e); *cf. University of Tex. Medical Branch v. York,* 808 S.W.2d 106, 112 (Tex.App.—Houston [1st Dist.] 1991) (sustaining cross-point on post-judgment interest), *rev'd on other grounds,* 871 S.W.2d 175 (Tex.1994).