Ricky Lynn Smith v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-257-CR

     RICKY LYNN SMITH,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 97-062-CR
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      I concur in the judgment. I concur in the analysis of section B-2 as not being ineffective,
section B-3(a) as being improper argument, B-3(b) as not being ineffective and B-3(c) as not being
ineffective. I do not concur with the analysis in section B-1 as being ineffective, section B-3(b)
as being ineffective, and B-3(d) as being ineffective. If there was ineffective assistance of counsel,
I concur in the harm analysis of section C.
      With regard to section B-1, I cannot elevate an “unwritten rule on cross-examination” to the
level if violated, it is per se ineffective assistance of counsel. The record does not demonstrate
what counsel thought the answer would be or why the question was asked. In retrospect it looks
like a bad decision to have asked the question, but the record does not overcome the strong
presumption of the effectiveness of counsel and that it could have been a matter of trial strategy
that did not work out as planned.
      Likewise, the decision not to object to counsel’s argument, discussed in sections B-3(b) and
(d), may have been a matter of trial strategy. This possibility is not overcome by the record before
us.
      With these comments, I concur in the judgment.


                                                                               TOM GRAY
                                                                               Justice

Concurring opinion delivered and filed March 14, 2001
Do not publish



p. 1992). Under our view of the proper application of the comparative negligence
statute and the Tort Claims Act to these facts, as we will discuss, we need not determine whether
Cherie had a claim against Stephen. Consequently, we assume, without deciding, that she did.
          The Texas Tort Claims Act limits the State's liability for damages to any one person to
$250,000. See id. at § 101.023 (Vernon 1986). The State's right of contribution from Stephen
arose out of section 33.016 of the Civil Practice and Remedies Code, which provides that a party
may seek contribution from a "contribution defendant," one who is liable for the claimant's
damages but from whom the claimant seeks no relief at the time the case is submitted to the trier
of fact. See id. at § 33.016(a) (Vernon Supp. 1992). Thus, the State properly asserted a claim
for contribution against Stephen and caused his percentage of responsibility to be determined by
the jury. See id. at § 33.016(a), (b). When the court considered what judgment to enter based
on the jury's findings, the State's position was that the limitation of liability imposed by the Tort
Claims Act should be applied before the percentages of comparative responsibility were applied,
i.e., limit Cherie to a $250,000 recovery, then allow the State to recover contribution from
Stephen for one-half that amount. See id. at §§ 33.016(d), 101.023 (Vernon Supp. 1992 and
Vernon 1986). 
          The El Paso Court of Appeals, in University of Texas at El Paso v. Nava, stated:
The sole question presented on this appeal is whether, in a proper case, the
monetary limitation of liability for damages for personal injury contained in the Texas Tort
Claims Act should by applied to the total amount of a plaintiff's damages before the
application is made of the comparative negligence percentage against the plaintiff's
damages.

University of Texas at El Paso v. Nava, 701 S.W.2d 71, 71 (Tex. App.-El Paso 1985, no writ). 
Nava sued the University for damages arising out of an automobile collision. The jury found each
party to be fifty percent negligent and found Nava's damages to be $160,000. The court entered
judgment in Nava's favor for $80,000. On appeal, the University contended that the judgment
should have been for one-half of $100,000, the then-existing limit on the State's liability. In
affirming the judgment, the El Paso court said:
The purpose of the Texas Tort Claims Act is not to apportion damages according
to fault, but, instead, to provide a limited waiver of the state's sovereign immunities. . .
. The money damages resulting from [the University's] negligence . . . does not exceed
the $100,000.00 limit set by the legislature, so no further reduction need be made.

Id. at 72.  
          Section 33.015 of the Civil Practice and Remedies Code, which provides for contribution
among jointly and severally liable defendants, provides for a right of contribution from other
defendants who are jointly and severally liable, when one defendant "pays a percentage of the
damages . . . greater than his percentage of responsibility." Tex. Civ. Prac. & Rem. Code Ann.
§ 33.015(a) (Vernon Supp. 1992). Section 33.016, on the other hand, provides for a right of
contribution from a defendant who is not liable jointly and severally to the claimant and whose
percentage of negligence is determined for contribution purposes only. Id. at § 33.016. The State
apparently believes that, because section 33.016 does not use the language "pays a percentage of
the damages . . . greater than his percentage of responsibility," contribution defendants should be
treated differently in the context of the Tort Claims Act. Such an interpretation could result in
different judgments being entered in cases which are identical except for the single fact that a
claimant chose not to sue a party for some reason. We do not believe that such an interpretation
was intended by the Legislature. We agree with the analysis of the El Paso Court of Appeals and
believe that the same rationale should be applied to the State's claim for contribution from
Stephen. See University of Texas at El Paso, 701 S.W.2d at 72. Thus, the court properly applied
the limitation of the Tort Claims Act to Cherie's damages of $5,750,000 and rendered judgment
against the State for the maximum of $250,000. See Tex. Civ. Prac. & Rem. Code Ann. §
101.023 (Vernon 1986). Because the State would never be required to pay more of Cherie's
damages than its percentage of responsibility dictated, it could not recover a judgment against
Stephen for contribution. See University of Texas at El Paso, 701 S.W.2d at 72. We overrule
point one.
          In points two and three, the State contends that the court erred in granting Stephen's
motions for a new trial and severance after it entered judgment in favor of Cherie. It bases these
contentions on its assertion that the granting of a new trial and severance effectively deprived the
State of its right to contribution. Although the State asserted a "counterclaim" against Stephen,
the pleading sought only contribution from him, not an affirmative recovery of damages to the
State's property. The order granting a severance specified that "the cause of action asserted by
Stephen Cotner against State Department of Highways and Public Transportation" was severed. 
Because no new trial was granted on the State's claim against Stephen for contribution, because
our disposition of point one shows that the State's claim for contribution from Stephen for Cherie's
damages was not affected by the granting of the new trial or the severance, and because the
granting of a motion for new trial is generally an interlocutory, non-appealable order, we overrule
points two and three. See Cummins v. Paisan Const. Co., 682 S.W.2d 235, 236 (Tex. 1984).
          We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 26, 1992
Publish 


Right of the State to Recover over against Contribution Defendant
for Comparative Negligence Capped by Tort Claim Act
Selected Percentages and Damages


Claimant's                      Judgment                     State's             Judgment vs
Total                        Against State                  Liability            Contribution
Damages                         Damages              (% of Neg)                Defendant

State 50%-Contribution Defendant 50%:

100                                        100                          50                          50
200                                        100                         100                         100
250                                        250                         125                         125
300                                        250                         150                         100
400                                        250                         200                          50
500                                        250                         250                            0
500+                                     250                     >250                            0

State 60%-Contribution Defendant 40%:

100                                        100                          60                          40
200                                         20                         120                         130
250                                        250                         150                         100
300                                        250                         180                          70
400                                        250                         200                          50
500                                        250                         300                            0
500+                                     250                     >300                            0

State 40%-Contribution Defendant 60%:

100                                        100                          40                          60
200                                        200                          80                         120
250                                        250                         100                         150
300                                        250                         120                         130
400                                        250                         160                          90
500                                        250                         200                          50
600                                        250                         240                          10
625                                        250                         250                            0
626+                                     250                     >250                            0