

# NUMBER 13-12-00537-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WOMEN'S CLINIC OF SOUTH TEXAS,                                      Appellant,

v.

SENAIDA ALONZO,                                                    Appellee.

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Women's Clinic of South Texas challenges the trial court's denial of its

motion to dismiss appellee Senaida Alonzo's health care liability claim. By one issue,

the Clinic argues that the trial court abused its discretion in denying its motion to dismiss

Alonzo's vicarious liability claim because Alonzo failed to serve the Clinic with an expert report after the vicarious liability claim was filed.   We affirm.

## I.  Background

> On April 23, 2009, Alonzo filed suit against the Clinic, Fernando J. Otero, M.D., Orestes Molina, M.D., and Heriberto Rodriguez-Ayala, M.D. claiming negligence in connection with their alleged failure to diagnose and treat her ectopic pregnancy before emergency surgery required the removal of her left fallopian tube and ovary.   The Clinic answered on May 13, 2009.   On August 17, 2009, Alonzo served the Clinic with her expert report, authored by Margaret Thompson, M.D., J.D.   On August 28, 2009, the Clinic filed its objections to the expert report and its first motion to dismiss, arguing that Alonzo's expert report failed to set out the required standard of care, breach, and causation elements, that Dr. Thompson's qualifications to author an expert report as to the Clinic were not established, and that the report did not contain Dr. Thompson's curriculum vitae (CV).

*Women's Clinic of S. Tex. v. Alonzo*, No. 13–10–00159–CV, 2011 WL 1106698, at *1 (Tex. App.—Corpus Christi Mar. 24, 2011, no pet.) (mem. op).   On September 4, 2009, Alonzo then amended her petition to add a vicarious liability claim against the Clinic for the alleged negligence of the doctors, whom Alonzo alleged were employees of the Clinic.

On November 5, 2009, the trial court denied the Clinic's first motion to dismiss and granted Alonzo a thirty-day extension to cure the deficiencies in her report.   Alonzo utilized the thirty-day extension to produce her expert's CV, but made no other changes to the expert report she originally served.   The Clinic then filed a second motion to dismiss on December 17, 2009, which the trial court denied after a hearing on March 10, 2010. In none of its objections or motions to dismiss up to this point did the Clinic address the vicarious liability claim added by Alonzo in her amended petition.

2

After the trial court ruled on its second motion to dismiss, the Clinic appealed to this Court, challenging only the trial court's rulings with regard to Alonzo's direct liability claims against the Clinic. In our March 2011 memorandum opinion in that appeal, we reversed the trial court's denial of the Clinic's motion to dismiss Alonzo's direct liability claim and dismissed that claim with prejudice. *Id.* at \*4. But because the Clinic brought no issues regarding the vicarious liability claim, we remanded the case to proceed on that claim. *Id.* at \*4–5.

When the case resumed in the trial court in June 2011 on remand, the Clinic filed a third motion to dismiss, for the first time addressing Alonzo's vicarious liability claims. The third motion to dismiss argued that Alonzo's vicarious liability claim should be dismissed because she failed to serve the Clinic with an additional expert report after amending her petition in September 2009 to add the additional claim. The trial court denied the third motion to dismiss, and this appeal followed.

## II.   Discussion

By one issue, the Clinic challenges the trial court's denial of its third motion to dismiss. The Clinic argues that, because Alonzo did not serve it with an expert report addressing her vicarious liability claim after that claim was added to her petition, Alonzo failed to comply with section 74.351's expert report requirement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). However, because we find that the Clinic waived its issue in this subsequent appeal, we do not reach the merits of its argument.

Where error exists at the time of an initial appeal, an appellant waives its right to complain in a subsequent appeal of the error it failed to present in the initial appeal. *See*

3

*Deaton v. United Mobile Networks, L.P.*, 966 S.W.2d 113, 115 (Tex. App.—Texarkana 1998, pet. denied); *Koch Gathering Sys., Inc. v. Harms*, 946 S.W.2d 453, 457–58 (Tex. App.—Corpus Christi 1997, writ denied); *Harris County v. Walsweer*, 930 S.W.2d 659, 665–66 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Tex. Dep't of Transp. v. Cotner*, 877 S.W.2d 64, 66 (Tex. App.—Waco 1994, writ denied) (citation omitted). Here, the error about which the Clinic complains in this subsequent appeal—that Alonzo did not comply with the expert report requirement as to her vicarious liability claim—existed at the time of the initial appeal. The holding in our memorandum opinion in the initial appeal reflected as much. *See Women's Clinic*, 2011 WL 1106698, at *6 ("[B]ecause the Clinic failed to assert and argue on appeal that the expert report was deficient as to the actions and decisions of the defendant doctors, the Clinic has presented no reversible error as to the vicarious liability claims asserted by Alonzo in her amended petition, and the trial court did not abuse its discretion in denying the Clinic's motion to dismiss in this regard."). In short, the Clinic cannot now complain, in a second appeal, of error that it could have raised in its initial appeal. It has waived its argument in this regard. We overrule its sole issue.

### III.   Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
13th day of June, 2013.

4