**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION,**
Petitioner,

v.

**Stephen COTNER and Cherie R. Cotner, Respondents.**

**No. D–2360.**

Supreme Court of Texas.

Jan. 20, 1993.

Edward A. Jeffords, Richard Mason, Dan Morales, Austin, for petitioner.

Jerry Murad, Fort Worth, Robert J. Glasgow, Stephenville, Andrew Ottaway, Granbury, for respondents.

PER CURIAM.

Cherie Cotner was a passenger in a car driven by her husband Stephen when it went out of control on an allegedly iced-over bridge. The Cotners sued the State Department of Highways and Public Transportation claiming, among other things, that the State failed to warn of a dangerous condition. A jury found Stephen and the State both negligent and equally responsible for the accident, and assessed damages of $5,750,000.00 for Cherie, $35,000.00 for Stephen's past mental anguish and loss of his wife's society, companionship, household services and consortium, and "0" for Stephen's future damages. The trial court rendered judgment for Cherie, awarding her $250,000.00 as the maximum recoverable under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE § 101.023(a), but severed Stephen's causes of action and granted him a new trial. The court of appeals affirmed. 826 S.W.2d 692 (1992). The State complains that the severance and partial new trial were improper. We agree.

Parties and actions may be severed "at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just." TEX.R.CIV.P. 41. Rule 41 does not "permit a trial court to sever a case after it has been submitted to the trier of fact." *Coalition of Cities for Affordable Utility Rates v. Public Utility Comm'n*, 798 S.W.2d 560, 564 (Tex.1990). For this reason alone the trial court's severance of Stephen's claims was improper under Rule 41. Moreover, "[a] claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652 (Tex. 1990). Stephen's claims do not meet the third criterion. The facts and issues related to liability for the accident are the same for Stephen as for Cherie, and to some extent Stephen's damage allegations are related to the extent of damages Cherie suffered. For this additional reason the trial court erred in severing Stephen's claims.

The trial court may grant a new trial on part of the matters in a case only if "such part is clearly separable without unfairness to the parties". TEX.R.CIV.P. 320. A partial new trial may be ordered notwithstanding the prohibition in Rule 41 against post-submission severances. Rule 320 is thus an exception to Rule 41. As noted above, however, Stephen's claims are not separable from Cherie's without unfairness to the parties. Moreover, Rule 320 prohibits "a separate trial on unliquidated damages alone ... if liability issues are contested." Although the State contests liability in this case, a final judgment for Cherie would preclude it from relitigating liability in a new trial with Stephen. Thus, the trial court erred in granting only Stephen a new trial.

Accordingly, a majority of this Court grants the State's application for writ of error and without hearing oral argument, reverses the judgment of the court of appeals and remands the case to the district court for further proceedings. TEX. R.APP.P. 170. The district court is free to render a final judgment or to grant all parties a new trial, and to take other actions not inconsistent with this opinion.