**Gwendolynn Kay WILSON, et al., Appellants,**

**v.**

**TALON DEVELOPMENT COMPANY, et al., Appellee.**

**No. 13–96–058–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1997.

Thomas K. Brown, Fisher, Gallagher & Lewis, Houston, William L. Sciba, III, Cole, Cole & Easley, Emmett Cole, Jr., Cole, Mc-Manus, Cole & Easley, Victoria, James K. Laroe, Craig S. Douglass, Dallas, for Appellant.

Paul Webb, Vincent L. Marable, III, Wharton, Joseph R. Messa, Downs & Associates, Houston, Richard L. Manske, Manske & Manske, Randy M. Clapp, Duckett, Bouligny & Collins, El Campo, for Appellee.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## OPINION ON MOTION FOR REHEARING

CHAVEZ, Justice.

We overrule the motion for rehearing filed by appellees, Pat Baker Company, Inc., et al (collectively "Baker defendants"). The Baker defendants sought rehearing of this appeal, for which the opinion was delivered and filed on July 10, 1997, wherein we reversed the judgment of the trial court and granted a new trial to appellants, Gwendolyn Kay Wilson, et al (collectively "Wilson plaintiffs"), and Tucker Wireline Services, Inc. ("Tucker"). The narrow legal and public policy question presented by the Baker defendants' motions for rehearing is whether this Court will sanction the possibility of disparate adjudications of liability claims.

### Factual and procedural synopsis

On April 13, 1994, a highly-specialized truck laden with radioactive materials and computerized well-probing instruments belonging to Tucker was involved in a night-time accident on a rural bridge, in which the truck left the bridge and landed upside-down in the creek below. The accident occurred while the truck was traversing a narrow rail-car overlay which had been placed on the bridge by the Baker defendants. Eddie Wilson, the truck's driver and also an employee of Tucker, died in the accident. The truck sustained enormous damage.

The Wilson plaintiffs sued the Baker defendants (and others with whom claims were settled and/or nonsuited prior to trial) on wrongful death claims. Tucker intervened in the suit as a plaintiff to recover the property damage to its truck. The case was tried to a jury. Reduced to essentials, the liability claims of the Wilson plaintiffs and Tucker were premised on a singular inquiry: Were the Baker defendants responsible for the accident? The Baker defendants contested liability as to both the Wilson plaintiffs and Tucker.

Evidence was received at trial that the Wilson plaintiffs sustained damages within a range from $1,334,228.95 to $1,559,122.95, and that Tucker sustained damages of approximately $428,000. The jury awarded $750,000 to the Wilson plaintiffs, and $15,300 to Tucker.

The trial court entered judgment in accordance with the verdict, after applying settlement credits and reducing the jury's award to account for the jury's comparative negligence finding. This appeal was docketed and the Wilson plaintiffs and Tucker filed separate briefs as appellants. Both the Wilson plaintiffs and Tucker sought a new trial.

Tucker contended, inter alia, that its damages were established as a matter of law. We agreed, sustaining Tucker's seventh point of error. The entire case was remanded for a new trial.

### Discussion

We note that, in their motions for rehearing, the Baker defendants have not assailed our determination that the jury's award to Tucker was against the great weight and preponderance of the evidence. The Baker defendants take issue, instead, with the effect given to such determination. The Baker defendants would prefer to see only Tucker receive a new trial.

The controversial portion of our opinion appears to subsist in its next-to-final paragraph, which provides as follows:

Tucker's seventh point of error is sustained, as we believe that the trial court's error in overruling Tucker's motion for new trial caused the rendition of an improper judgment in this case, and we shall remand the case for a new trial. TEX. R.APP. P. 81(b)(1).[1] New trial is the only remedy at our disposal in the instant case. *See, e.g., Guckian v. Fowler,* 453 S.W.2d 323, 331–32 (Tex.Civ.App.—Corpus Christi 1970, writ dism'd). Because Tucker's damages are unliquidated, [and because the Baker defendants contest liability,] we must order a new trial as to liability as well as damages. TEX.R.APP. P. 81(b)(1).[2] The facts and issues related to liability for the accident underlying this appeal are the same for Tucker as for the Wilson [plaintiffs]; therefore, the Wilson [plaintiffs'] case must also be remanded for a new trial. *See, e.g., State Dept. of Highways and Public Transp. v. Cotner,* 845 S.W.2d 818, 819 (Tex.1993); *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160, 166 (Tex.1982). Because our holding with respect to Tucker is dispositive of the entire case, we need not rule on the Wilson [plaintiffs'] points of error today. TEX. R.APP. P. 90(a).[3]

*Gwendolyn Kay Wilson, et al v. Pat Baker Company, Inc., Baker Brothers, Inc., and James Davis,* No. 13–96–058–CV, slip op. at 11, 1997 WL 691471 (Tex.App.—Corpus Christi July 10, 1997).

Based on the evidence adduced at trial, Tucker was clearly entitled to relief. However, were only Tucker remanded to the trial court, the judgment entered as to the Wilson plaintiffs would preclude relitigation of liability issues on retrial. *State Dept. of Highways and Public Transp. v. Cotner,* 845 S.W.2d 818, 819 (Tex.1993). Such a result would be erroneous. *See id.* Further, because the Baker defendants contest liability, the outcome obtained under such a scenario would flout the policy embodied by Texas Rule of Appellate Procedure 44.1(b). *See* TEX.R.APP. P. 44.1(b) ("The court may not order a separate trial on unliquidated damages if liability is contested.").

In a relevantly similar context, we note that

[a]s a general rule, when one party appeals from a judgment, a reversal as to him will not justify a reversal as to other nonappealing parties. This rule does not, however, apply where the respective rights of the appealing and nonappealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment. *Lockhart v. A.W. Snyder & Co.,* 139 Tex. 411, 163 S.W.2d 385, 392 (1942). In such a case, the court must reverse the entire judgment in order to provide the appellant with full and effective relief. *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610, 613 (1948). *See also, Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local No. 941 v. Whitfield Transportation, Inc.,* 154 Tex. 91, 273 S.W.2d 857 (1954); *Kansas University Endowment Association v. King,* 162 Tex. 599, 350 S.W.2d 11 (1961).

*Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160, 166 (Tex.1982).

If we remand only as to Tucker's claims against the Baker defendants, the liability finding in the second trial could be inconsistent with the result of the first trial. *See Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d at 166. The possibility of inconsistent results is intolerable. *Id.* For this reason, the entire judgment must be

---

1. *See* TEX.R.APP. P. 44.3, 44.1(a)(1).

2. *See* TEX.R.APP. P. 44.1(b).

3. *See* TEX.R.APP. P. 47.1.

reversed and the entire cause remanded for new trial. *See id.*

We perceive no fundamental unfairness in remanding all parties for a new trial. The Wilson plaintiffs and Tucker have asked this court for a new trial. In such a new trial, the Baker defendants, who contest liability for the accident, would receive another chance to vigorously defend the suit, and possibly recover a take-nothing judgment against Tucker and the Wilson plaintiffs. Further, to the extent this may be an issue, judicial resources will not be significantly depleted, as the respective cases of the Wilson plaintiffs and Tucker only diverge on the question of damages.

The motion for rehearing is overruled.

SEERDEN, C.J., dissents.

SEERDEN, Chief Justice, dissenting on motion for rehearing.

I respectfully dissent from the majority's decision to overrule the Appellees' Motion for Rehearing. By their motions, the appellees argue that the Wilsons' wrongful death claims are not so interwoven with Tucker's claim for property damage to its truck as to make a partial remand of Tucker's claim alone unfair. I agree and would grant rehearing and modify our prior opinion and judgment to reverse and remand only Tucker's claim and not the claims of the Wilson plaintiffs.

Texas Rule of Appellate Procedure 44.1(b)[1] provides with regard to reversible error that, "[i]f the error affects part of, but not all, the matter in controversy, and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to that part affected by the error." Accordingly, reversal of all claims and parties is required only when the rights of all such parties are so interwoven or dependent on each other as to require a reversal of the entire judgment. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 446 (Tex.1989); *Turner, Collie & Braden v. Brookhollow, Inc.,* 642 S.W.2d 160, 166 (Tex.1982).

Moreover, whether a partial remand is appropriate under this test is determined on a case-by-case basis. *See Ex parte Elliot,* 815 S.W.2d 251, 252 (Tex.1991) (per curiam) (order expunging criminal records must encompass all persons and agencies in possession of relevant criminal records and cannot be partially remanded as to one agency, since reversal of the entire judgment is necessary to provide the appellant with full and effective relief); *see also Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d 634, 642 (Tex. 1989) (Ray, J., concurring).

Most of the cases discussing partial remand involve judgments against multiple defendants with cross-claims for indemnity. Reversal and retrial of claims against one defendant generally affects the cross-claims and the ultimate division of responsibility among the defendants such that they cannot be separated without unfairness to the parties and must all be reversed and remanded for new trial. *See Turner,* 642 S.W.2d at 166; *Diamond Shamrock Corp. v. Wendt,* 718 S.W.2d 766, 771 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

In *Turner,* Brookhollow purchased land for a housing development and hired Turner to design, and Whitelak to construct, the sewer system. After the sewer system as constructed proved unworkable, Whitelak sued Brookhollow for recovery of the balance owing on its construction contract. Brookhollow in turn brought both a claim for indemnity and an independent cross-claim for breach of contract against Turner based on the defective sewer system. The trial court granted a judgment for Whitelak against Brookhollow, and for Brookhollow against Turner for indemnity. In addition, the trial court granted judgment for Brookhollow against Turner on the cross-claim. The only error found on appeal, however, involved the damages awarded to Brookhollow on his cross-claim against Turner. Nevertheless, the Texas Supreme Court concluded that "the various claims for damages are so intertwined that one cannot be severed from the others and retried alone." The Court noted that liability in the first trial had been established by jury findings that Turner's negli-

---

1. Formerly Tex.R.App. P. 81(b)(1).

gence was the sole proximate cause of the sewer's defects. The prospect of inconsistent liability findings in the second trial, such that Turner might remain liable to Brookhollow for indemnity as a result of the first trial, but be exonerated from liability for the same alleged breach in the retrial of Brookhollow's cross-claim, was sufficiently intolerable for the Court to require reversal and remand of all claims for a new trial.

In *Diamond Shamrock*, Wendt filed suit against Medina, the laboratory at which insecticide was applied, and Diamond Shamrock, the insecticide manufacturer, seeking damages for the death of his bull. The trial court granted judgment against both defendants and granted Medina indemnity against Diamond Shamrock. However, only Diamond Shamrock appealed and convinced this Court that error required reversal of Wendt's claims against it. Nevertheless, this Court determined that the liability of Medina and Shamrock were so interwoven as to require a reversal and remand as to both.

In the present case, however, the claims involved are those of multiple plaintiffs for the same negligent conduct of the defendant. The Wilsons' claims for wrongful death have no connection to Tucker's claim for the loss of his truck aside from the circumstance that the rollover of that truck ultimately caused both. With regard to liability for the rollover, all parties had a fair trial about which we sustained no error. This Court reversed the trial court's judgment only because the great weight of the evidence supported a higher award to Tucker for the value of his truck than the jury had assessed. That error had no connection to the defendants' liability for the accident or the amount of the Wilson's wrongful death damages. Yet, because of error in the damages awarded to Tucker for the value of its truck, the majority feels compelled to reverse and remand also as to the Wilsons' claims for wrongful death.

The majority opinion cites *State Dep't of Highways and Public Transportation v. Cotner*, 845 S.W.2d 818 (Tex.1993) (per curiam),

as requiring a general remand of all claims. The Cotners, husband and wife, were driving together over an icy bridge maintained by the State when their car went out of control and crashed. They sued the State for the wife's bodily injuries and the husband's mental anguish and loss of his wife's society, companionship, household services and consortium. After finding the State responsible for the dangerous condition on the bridge, a jury found significant damages in favor of the wife, but slight damages to the husband. The trial court accordingly granted judgment on the wife's damages, but severed and ordered new trial on the husband's claims.[2]

In a *per curiam* opinion, the Texas Supreme Court reversed, holding that Texas Rule of Civil Procedure 41 does not permit a trial court to sever a case after it has been submitted to the trier of fact. In addition, the court noted, as an alternate reason for denying severance or partial new trial, "the facts and issues related to liability for the accident are the same for [husband] as for [wife], and to some extent [husband's] damage allegations are related to the extent of damages [wife] suffered." *Id.* at 819.

However, a review of *Cotner* in the appellate court shows that the State also claimed contribution from the husband for the damages to the wife, and the jury had found the husband partially responsible for the crash. *See State Dept. of Highways and Public Transp. v. Cotner*, 826 S.W.2d 692 (Tex. App.—Waco 1992), *rev'd*, 845 S.W.2d 818 (Tex.1993). Thus, a new trial on the husband's claim for damages would require a new determination of responsibility for the crash between the State and the husband, possibly altering the damage claims of both the husband and the wife. Accordingly, the interrelation of damages and liability between the various claims in *Cotner* brings it within the scope of *Turner* and *Diamond Shamrock*, and distinguishes it from the present case where there are no such obstacles to a separation of the claims of the Wilsons from the claim of Tucker.

---

**2.** In terms nearly identical to Rule 44.1(b), Texas Rule of Civil Procedure 320 prohibits a trial court from granting a partial new trial unless

"such part is clearly separable without unfairness to the parties."

Absent the complications generally present when multiple defendants raise claims for indemnity and cross-claims against each other, the only prospect for inconsistent findings on retrial in the present context of multiple plaintiffs' claims is the possibility that the defendant might be found liable to one plaintiff, but not to another, for the same conduct. However, inconsistencies of this nature are inherent in a legal system that allows separate plaintiffs to control their own lawsuits and to sue the same defendant for the same conduct either together or separately as they may choose. I find less unfairness in the present case in allowing for the possibility of a different liability finding as to Tucker on retrial, than in requiring the parties to relitigate claims against the Wilsons which have already been fairly tried and concluded.

Thus, absent any error in that part of the judgment concerning the Wilsons' claims, I would not reverse the legitimate result of the first trial merely for the sake of trying everything together again, but would reverse only that portion of the judgment concerning Tucker's claim.[3]

**3.** *Cotner* also makes some suggestion that a final judgment holding the defendant liable as to one plaintiff would preclude the trial court from retrying the defendant's liability with regard to the other plaintiff's claim. *Id.* at 819; *see also Turner*, 642 S.W.2d at 160 (raising the issue of the conflict, in the context of a partial remand, between the application of collateral estoppel on liability and the restriction against separate trial on unliquidated damages alone when liability is contested). However, in the present case, we are not now required to determine the preclusive effect of liability findings favoring the Wilsons with regard to a retrial of Tucker's claim. We should properly leave that question for the determination of the trial court on retrial.