**PAT BAKER COMPANY, INC. and Baker Brothers, Inc., Petitioners,**

v.

**Gwendolynn Kay WILSON, individually and a/n/f of Karly Wilson, a minor, Brenda Wilson a/n/f of Savannah L. Wilson and Ryan A. Wilson, minors, and Tucker Wireline Services, Inc., Respondents.**

**No. 97–1215.**

Supreme Court of Texas.

June 23, 1998.

Thomas H. Crofts, Jr., San Antonio, Joseph R. Messa, Houston, Vincent L. Marable, III, Wharton, for petitioners.

James K. La Roe, Craig S. Douglass, Dallas, Thomas K. Brown, Houston, Emmett Cole, Jr., Victoria, for respondents.

PER CURIAM.

The issue we are asked to decide is whether, in a case involving several plaintiffs, the fact that an appellate court reverses a judgment in favor of one plaintiff on the basis that the amount of damages awarded to that party was against the great weight and preponderance of the evidence empowers it to reverse the judgment against all other plaintiffs without finding any error with regard to them. We conclude that the court of appeals should not have reversed the entire judgment and remanded all parties for a new trial without first finding error as to each plaintiff. Accordingly, we reverse the judgment of the court of appeals, and remand the case to that court to consider the merits of the Wilson plaintiffs' appeal.

Talon Development Company is in the oil and gas exploration business. To assist in one of its drilling projects, Talon hired the Pat Baker Company ("Baker") to reinforce a bridge leading to one of Talon's oil drilling sites. Baker placed a railcar overlay on the existing bridge, which was intended to more evenly distribute weight along the bridge. Talon also hired Tucker Wireline Services on the same drilling project to probe Talon's oil well and determine its potential for oil and gas production. Tucker was to access the drilling site by means of the reinforced bridge.

One evening, Talon summoned Tucker's wireline truck to the drilling site. Eddie Wilson, Tucker's employee, was driving across the reinforced bridge when one of the truck's wheels left the overlay, causing the truck to roll off the bridge and land upside down in the creek. Wilson was killed, and the wireline truck was significantly damaged. An autopsy indicated that Wilson was legally intoxicated at the time of his death.

Wilson's survivors sued Talon, Baker, and others for wrongful death. Tucker intervened to recover for the damages to its wireline truck. Prior to trial, all defendants except Baker either settled or were nonsuited. The jury found that Eddie Wilson and Baker were each fifty percent responsible for the

accident and awarded $750,000 to the Wilson plaintiffs. However, after reducing that award because of Eddie Wilson's comparative fault and giving dollar-for-dollar credit for $800,000 in settlements, only one of the Wilson plaintiffs actually recovered damages pursuant to the trial court's judgment. The jury awarded $15,300 to Tucker for the damages to its wireline truck.

Baker did not appeal, but both Tucker and the Wilson plaintiffs separately perfected appeals and filed separate briefs in the court of appeals. Each complained only of the amount of damages awarded by the jury. The court of appeals reached the merits of only Tucker's appeal. The court held that the jury's award to Tucker was against the great weight and preponderance of the evidence and that Tucker was entitled to a new trial on liability and damages. The court of appeals then concluded that "[t]he facts and issues related to liability for the accident underlying this appeal are the same for Tucker as for the Wilson appellants; therefore, the Wilson appellants' case must also be remanded for new trial." Accordingly, the court of appeals reversed and remanded the entire case without considering the Wilson plaintiffs' points of error.

■ On rehearing, the court of appeals reaffirmed its decision to remand the entire case. 960 S.W.2d 186. Baker filed a petition for review in this Court, asking that we reverse the part of the court of appeals' judgment that remanded the Wilson plaintiffs' claims. After Baker had filed its petition for review, Tucker and Baker reached a settlement. Baker has now filed an amended petition urging that an additional basis for reversing the judgment of the court of appeals is that the Tucker settlement "has mooted" the court of appeals' reason for reversing the Wilson plaintiffs' case. We hold that, irrespective of the settlement, the court of appeals erred in reversing the judgment regarding the Wilsons without finding error in that judgment.

When this appeal was filed in and decided by the court of appeals, former Rule of Appellate Procedure 81(b)(1) was in effect. It provided:

**(b) Reversible Error.**

(1) *Civil Cases.* No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appears to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.

Former TEX.R.APP. P. 81(b)(1).[1]

To support its decision to remand the entire case, the court of appeals cited two decisions of our Court, *State Department of Highways and Public Transportation v. Cotner,* 845 S.W.2d 818 (Tex.1993), and *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160 (Tex.1982). In both of those cases, we determined that the court of appeals had erred by failing to remand all parties. But those decisions did not involve the situation that is presented by this appeal, and they do not support the appellate court's remand of all claims for a new trial absent error in the judgment regarding the Wilson plaintiffs.

First, both *Cotner* and *Brookhollow* involved claims that were so interwoven with one another that they could not be separated without unfairness to the parties, and the party appealing from the trial court *specifically requested* that the case be reversed and remanded in its entirety on that basis. *See*

---

1. Former rule of appellate procedure 81(b) has been superseded by Rule 44.1 of the rules of appellate procedure, which became effective September 1, 1997. *See* TEX.R.APP. P. 44.1.

*Cotner,* 845 S.W.2d at 819 ("The State complains that the severance and partial new trial were improper."); *Brookhollow,* 642 S.W.2d at 166 ("TCB contends that the various claims for damages are so intertwined that one cannot be severed from the others and retried alone."). In the present case, however, neither Wilson nor Tucker contended on appeal that their claims were intertwined to the extent that a new trial for one dictated a new trial for the other. While Wilson argued that the low amount of damages awarded to Tucker indicated that the jury was biased and prejudiced against the plaintiffs, this is not the equivalent of a complaint that their claims are inseparable. Further, the court of appeals did not reverse the award to Tucker on the basis of bias or prejudice.

■ By reversing the judgment as to the Wilson plaintiffs without considering the merits of their appeal, the court of appeals reversed the judgment regarding the Wilsons on unassigned error. It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error. *Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex.1987); *Texas Nat'l Bank v. Karnes,* 717 S.W.2d 901, 903 (Tex.1986); *Department of Human Resources v. Wininger,* 657 S.W.2d 783, 784 (Tex.1983).

Second, *Brookhollow* is factually distinguishable from this case because *Brookhollow* involved three parties, counterclaims, cross-claims, and claims for indemnity. *See* 642 S.W.2d at 162–63. When we found error with respect to one defendant in *Brookhollow,* we reversed and remanded the entire case because the various claims were so intertwined that they could not be separated from the others without unfairness to the parties. *Id.* at 166; *cf. Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 446 (Tex. 1989) (holding that when a plaintiff did not appeal a take-nothing judgment against a distributor of a product, its claims against that defendant should not be remanded even though its claims against the manufacturer were remanded for new trial and the distributor's cross-claims for indemnity as to attorney's fees from the manufacturer were also remanded for trial).

Unlike *Brookhollow,* the parties here have not brought claims for indemnity or other dependent claims, and the amount of Tucker's recovery has no direct effect on the Wilson plaintiffs' recovery. Moreover, the error found by the court of appeals pertained solely to the amount of damages awarded to Tucker and had no connection to Baker's liability for the accident or to the Wilson plaintiffs' wrongful death damages.

Relying on *Brookhollow,* the court of appeals also opined that "[i]f we remand only as to Tucker's claims against the Baker defendants, the liability finding in the second trial could be inconsistent with the result of the first trial.... The possibility of inconsistent results is intolerable." 960 S.W.2d at 188 (citing *Brookhollow,* 642 S.W.2d at 166). Again, the appellate court's reliance on *Brookhollow* is misplaced. The possibility of inconsistent results was held intolerable in *Brookhollow* solely because the claims among the parties were interwoven and dependent on one another. *See Brookhollow,* 642 S.W.2d at 166. *Brookhollow* did not hold that the mere possibility of inconsistent results *always* requires reversal of an entire judgment. Indeed, the possibility of inconsistent results is inherent in our legal system. Courts frequently reverse as to one or more parties and affirm as to others, leaving the possibility of inconsistent results on remand. *See, e.g., Plas–Tex, Inc.,* 772 S.W.2d at 446–47 (remanding plaintiff's claim against one defendant for new trial and holding that plaintiff's claim against other defendant could not be retried when the take nothing judgment was not appealed); *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 92 (Tex. 1973) (reversing and remanding plaintiff's claim against one defendant but leaving the judgment undisturbed as to three other defendants who did not appeal); *Roosth & Genecov Prod. Co. v. White,* 152 Tex. 619, 262 S.W.2d 99, 105 (1953) (remanding plaintiff's claim against one defendant for new trial and holding that plaintiff's claim against other defendant could not be retried absent properly assigned error); *Reiswerg v. Martinez,* 299 S.W.2d 388, 391 (Tex.Civ.App.—Fort Worth 1957, no writ) (recognizing that it is appropriate to affirm the judgment for one

plaintiff and to reverse and remand the judgment for the other plaintiff to whom excessive damages were awarded).

Finally, the court of appeals cited *Cotner* to support its conclusion that "were only Tucker remanded to the trial court, the judgment entered as to the Wilson plaintiffs would preclude relitigation of [Baker's] liability on retrial" under the doctrine of collateral estoppel. 960 S.W.2d at 188 (citing *Cotner*, 845 S.W.2d at 819). Assuming without deciding that this analysis was correct, the only party that could be harmed by the application of collateral estoppel and a retrial solely on damages is Baker, and Baker did not appeal the trial court's judgment. The Wilson plaintiffs have no basis for arguing that the trial court's judgment should be reversed with regard to them because of harm that might befall their adversary. The Wilson plaintiffs can show no harmful error if Baker were collaterally estopped on remand. *See Jackson*, 499 S.W.2d at 92 (holding that a petitioner may not complain of errors that do not injure the petitioner or that merely affect the rights of others). We also note that any issue of collateral estoppel in the retrial of Tucker's claim is moot, now that Tucker and Baker have settled.

While the court of appeals found error with respect to Tucker's appeal, it has yet to determine whether error also exists in the damage award to the Wilson plaintiffs.

\* \* \* \* \*

Accordingly, the Court grants Pat Baker Company's petition for review and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court to consider the Wilson survivors' points of error. TEX.R.APP. P. 59.1.