**Affirmed and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00081-CV

**SUSANA V. IZAGUIRRE, Appellant**

**V.**

**ROBERTO S. RIVERA, Appellee**

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2010-30420A**

## M E M O R A N D U M   O P I N I O N

In this legal-malpractice case, Susana V. Izaguirre challenges the trial court's no-evidence summary judgment in favor of attorney Roberto S. Rivera, but does not challenge the ruling striking her summary-judgment evidence.  We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Fidencio Alvarez and Maria I. Chavez sued Susana V. Izaguirre, alleging that she engaged in deceptive trade practices in selling them real property under a contract for deed that failed to comply with the Texas Property Code.  Izaguirre filed a third-party petition against attorney Roberto S. Rivera, claiming that he committed legal malpractice

in preparing the contract for deed. On August 18, 2011, Rivera moved for no-evidence summary judgment on the legal-malpractice claim on the ground that there was no evidence that he (a) breached a duty to Izaguirre, (b) breached the standard of care, or (c) that any alleged breach caused her injury. He further stated that Izaguirre failed to designate expert witnesses by June 27, 2011 as required by the trial court's docket-control order, and that all discovery was to be completed by August 26, 2011.

Five days after the discovery deadline, Izaguirre filed a response in which she argued that there were genuine issues of material fact on the challenged elements of her claim. As support for this argument, she attached and relied on a copy of the contract for deed and the affidavit of attorney Albert Lee Giddens.[1] On the same day that Izaguirre filed her summary-judgment response, she also filed a supplemental response to Rivera's requests for disclosures. In the supplement, Izaguirre designated Giddens as an expert who would testify that Rivera had committed legal malpractice; however, she did not seek the trial court's leave to make an untimely expert-witness designation. Rivera moved to strike all of Izaguirre's summary-judgment evidence. Rivera objected that the contract for deed attached to Izaguirre's summary-judgment response was not authenticated; with regard to Giddens's affidavit, Rivera argued that (a) Giddens had not been timely designated as an expert, (b) he was not qualified to testify on the subject of legal malpractice, and (c) his statements were conclusory.

The trial court granted both Rivera's motion to strike and his motion for summary judgment. Izaguirre filed a motion for reconsideration and a motion for leave to amend her summary-judgment response, but the trial court denied the motions and severed her claims against Rivera from the remainder of the suit. Her motion for new trial was overruled by operation of law.

## II. ANALYSIS

A no-evidence summary-judgment motion serves the same function as a motion

---

[1] Giddens had been representing Izaguirre up to this time, but Izaguirre's summary-judgment response was filed solely by attorney Garabet K. Dakarmandjianon.

for a pretrial directed verdict: it points out that there is no evidence of one or more essential elements of a claim or defense on which the nonmovant bears the burden of proof. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To defeat such a motion, the nonmovant must present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Timpte Ind.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006)). On appeal, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

Here, the subject of the summary-judgment motion was Izaguirre's legal-malpractice claim. A legal-malpractice claim is based upon professional negligence, and as in other negligence claims, the claimant is required to show that the defendant owed the claimant a legal duty and breached that duty, proximately causing the claimant damage. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009); *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004). Rivera moved for summary judgment on the grounds that there is no evidence that (a) he breached a duty owed to Izaguirre, (b) he breached the standard of care for attorneys, and (c) any alleged breach caused Izaguirre harm.

On appeal, Izaguirre contends that the trial court erred in granting summary judgment because there are genuine issue of material fact. In her first appellate issue, she argues that the contract for deed was itself sufficient evidence to raise a question of fact as to each of the challenged elements of her malpractice claim. In her second issue, she contends that Rivera's malpractice was so egregious that no expert testimony was necessary because any juror given the relevant sections of the Texas Property Code and the contract for deed could see that Rivera failed to include statutorily required language.

3

There is no evidence to support either of these contentions. Both of Izaguirre's appellate arguments rely heavily on the contents of the contract for deed, but the trial court granted Rivera's motion to strike all of Rivera's summary-judgment evidence, including the contract for deed. Izaguirre has not challenged or even mentioned this ruling. Even in her motion for reconsideration in the trial court, Izaguirre referred to the portion of Rivera's reply entitled "Motion to Strike Third-Party Plaintiff's Summary Judgment Evidence" as "Third Party Defendant's Motion to strike the affidavit of Albert Lee Giddens," and although she argued that the trial court erred in striking Giddens's affidavit, she did not mention the trial court's ruling striking the contract for deed. *Cf. Loewe v. Commons at Willowbrook, Inc.*, No. 14-07-00265-CV, 2008 WL 5220295, at *3 (Tex. App.—Houston [14th Dist.] Dec. 11, 2008, no pet.) (mem. op.) (affirming ruling striking appellant's summary-judgment evidence where appellant failed to file a response to the motion and did not object to or request reconsideration of the ruling in her motion for new trial).

Appellate courts cannot reverse a judgment in a civil case based on unassigned error. *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam). When the appellant does not challenge one of the possible bases for the trial court's judgment, "we are prohibited from making the argument for her and from reversing the judgment on that ground." *Fox v. Brown*, No. 02-11-00260-CV, 2011 WL 6260869, at *1 & n.6 (Tex. App.—Fort Worth Dec. 15, 2011, no pet.). Thus, in an appeal of a no-evidence summary judgment, we must affirm if the appellant does not challenge one of the grounds asserted in the successful motion to strike the evidence offered in response to the summary-judgment motion. *In re K.R.S.*, No. 14-07-00080-CV, 2008 WL 2520812, at *2 (Tex. App.—Houston [14th Dist.] June 24, 2008, no pet.) (mem. op.) (affirming judgment where trial court granted the summary judgment movant's motion to strike the respondent's evidence, and on appeal, the respondent's opening brief contained no mention of one of the grounds on which the motion to strike was based).

Because the trial court granted Rivera's motion striking all of Izaguirre's

summary-judgment evidence and that ruling has not been challenged, no evidence supports Izaguirre's appellate arguments. We accordingly overrule both of the issues presented and affirm the trial court's judgment.

/s/     Tracy Christopher
                Justice

Panel consists of Justices Boyce, Christopher, and Jamison.