Opinion issued May 28, 2015



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00524-CV

_____

**DAVID GRUPA, Appellant**

**V.**

**LILLIE D. BASSET, STANLEY E. DICKSON, CAROLYN SPILLER, CLIFFORD DICKSON, AND JANICE CRADDOCK, Appellees**

---

On Appeal from the 506th District Court
Grimes County, Texas
Trial Court Case No. 32491

---

## MEMORANDUM OPINION

Lillie D. Basset, Stanley E. Dickson, Carolyn Spiller, Clifford Dickson, and Janice Craddock (collectively, the "Dicksons") filed suit against David Grupa, seeking to quiet title on certain property in Grimes County, Texas. Following a bench trial, the trial court signed a judgment in favor of the Dicksons. In four

issues on appeal, Grupa challenges the legal and factual sufficiency of certain inheritance matters related to the title dispute.

We affirm.

**Background**

In 1895, James I. Kennard and his wife, Jennie Kennard, purchased a 100-acre tract in Grimes County. At the time of trial in 2014, David Grupa owned 26 acres of that original tract. The underlying suit concerned the division of ownership of the remaining 74 acres. A central dispute between the parties was whether James and Jennie Kennard's son, Sherman Kennard, had any heirs at the time of his death. Following the bench trial, the trial court concluded that Sherman's share in the property passed to his siblings upon his death and that "[t]he putative heirs of Sherman Kennard, being in fact not the heirs of Sherman Kennard, had no right, title or interest in the 100 acres of land."

Also at issue during the trial was whether the Dicksons had adversely possessed the 74 acres in question. The trial court did not make any conclusions of law on this matter. It did, however, make findings of fact concerning adverse possession.

**Analysis**

In four issues on appeal, Grupa challenges the legal and factual sufficiency of certain inheritance matters related to the title dispute. The Dicksons argue these

2

issues are moot because Grupa has failed to challenge findings of fact concerning adverse possession that would independently support the judgment. We agree.

The parties submitted their dispute to a bench trial. Following the trial, the trial court issued findings of fact and conclusions of law. Unchallenged findings "are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *see also* TEX. R. APP. P. 38.1(i); *Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."). Accordingly, "an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Britton v. Tex. Dept. of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If unchallenged findings of fact have support in the record and will fully support the judgment, then the findings are binding on the court and dispositive of the appeal. *See McGalliard*, 722 S.W.2d at 696; *Britton*, 95 S.W.3d at 681.

The Dicksons point out that they included an adverse possession claim in their pleading. On that claim, the trial court made the following findings of fact:

> Possession of the remaining 74 acres of land by Carolyn Dickson Spiller; Janice Dickson Craddock; Clifford Dickson; and, Stanley E. Dickson, and their predecessors in title was open, adverse and notorious to any other claimants. The 75 (now 74 acres) acres has been fenced since 1974 with a structure capable of turning and containing cattle and other livestock, cattle were maintained on the

3

property continuously, with only infrequent lapses, from 1952 through the present time, and property taxes were timely paid on the entire 75 acre (now 74 acre) tract of land through 2009 by Carolyn Dickson Spiller, Janice Dickson Craddock, Clifford Dickson, and Stanley E. Dickson.

Section 16.026 of the Texas Civil Practice and Remedies Code sets a 10-year statute of limitations on recovering "real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a) (Vernon 2002). The court's finding establishes that the Dicksons and their predecessors developed and used the land to raise cattle from 1952 to the time of trial in 2014. There is evidence in the record supporting this finding, and the opposite is not established as a matter of law. *See McGalliard*, 722 S.W.2d at 696. These findings are sufficient to establish the 10-year statute of limitations period had run. *See* CIV. PRAC. & REM. § 16.026(a). Accordingly, any claim to the property that any descendants of Sherman may have had has been extinguished. *See id.* A determination of adverse possession, then, would fully support the trial court's judgment.

In its brief, Grupa claims, "Although [the Dicksons] had pled a theory of adverse possession, the trial court did not rule on that theory and it is not before this court." As we have identified, this is incorrect. While the trial court did not make any express conclusions of law on the adverse possession claim, this is not dispositive. If an appellate court reviewing a trial court's conclusions of law

4

"determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). As a result, even if we agreed with Grupa that the trial court erroneously concluded that Sherman did not have any heirs, we would still have to review the remainder of the issues presented at trial. *See id.*

Because Grupa did not challenge the adverse-possession findings and there is some evidence supporting them, they are binding on us. *See McGalliard*, 722 S.W.2d at 696. Because the adverse-possession findings would fully support the judgment, Grupa has failed to challenge all of the independent bases supporting the trial court's judgment determining that title to the disputed property is vested in the Dicksons. *See Britton*, 95 S.W.3d at 681. Accordingly, any error relating to the trial court's determination of the transfer of title through lineage is moot, and we must affirm the trial court's judgment. *See id.*; *BMC Software*, 83 S.W.3d at 794.

We overrule Grupa's four issues as moot.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

5

Panel consists of Justices Jennings, Higley, and Huddle.