

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00128-CV
_____

LE NGUYEN, APPELLANT

V.

ELENA LOPEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF AND ON BEHALF OF THE ESTATE OF JEANETTE LOPEZ AND CARISTINA AND MIGUEL LERMA, INDIVIDUALLY AND ON BEHALF OF BERNICE LERMA, A MINOR, AND ON BEHALF OF ALL KNOWN HEIRS, APPELLEES

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-273517-14, Honorable Melody Wilkinson, Presiding

October 18, 2018

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Elena Lopez, Individually and as Representative of and on behalf of The Estate of Jeanette Lopez and Caristina and Miguel Lerma, Individually and on behalf of Bernice Lerma, a minor, and on behalf of all known heirs (collectively Lopez) have moved for rehearing. They proffer one reason supporting the modification of our original opinion and judgment in this cause. It pertains to whether we erred in reversing the entire

judgment entered by the trial court as opposed to that portion which found Le Nguyen liable for the injury and damages suffered by Lopez. We grant the motion.

The trial court awarded Lopez judgment against multiple defendants. The liability of various of those defendants was manifested through the entry of a default judgment. Nguyen was one of those defendants who purportedly made default. And, of those defendants, only Nguyen appealed, asserting two issues. We sustained her first issue through which she questioned whether Lopez complied with the rules pertaining to service of citation and proof thereof. Her argument led us to conclude that the record lacked "proof of lawful service or strict compliance with the rules of procedure," with regard to her. Consequently, we reversed the judgment and remanded the cause to the trial court. Though we intended to limit reversal only as to Nguyen's liability, if any, our opinion and judgment reversed the judgment in its entirety and as to all defendants.

We are prohibited from reversing a judgment on unassigned, non-jurisdictional error in civil appeals. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Lone Wolf Sec., Inc. v. Amarillo Nat'l Bank*, No. 07-16-00318-CV, 2017 Tex. App. LEXIS 7652, at *1-2 (Tex. App.—Amarillo Aug. 10, 2017, no pet.) (per curiam) (mem. op.). A corollary to this rule is that which prohibits us from reversing a judgment in favor of both appealing and nonappealing parties, unless their rights are inextricably interwoven or dependent upon each other. *Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236-37 (Tex. 2008); *Zaidi v. Shah*, 502 S.W.3d 434, 447 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *accord Pat Baker, Inc.*, 971 S.W.2d at 450 (observing that reversal may occur on unassigned error when assigned error found to be meritorious is so interwoven with unassigned error that the two cannot be separated). Furthermore, the possibility that reversing only as to the appealing parties may result in inconsistent

outcomes does not alone satisfy the inextricably interwoven or dependent test. *See Pat Baker, Inc.,* 971 S.W.2d at 450 (stating that "[t]he possibility of inconsistent results was held intolerable in [earlier precedent] solely because the claims among the parties were interwoven and dependent on one another . . . [that precedent] did not hold that the mere possibility of inconsistent results always requires reversal of an entire judgment").

Nguyen argues that the motion for rehearing should be denied and that reversing the entire judgment as to all defendants, including those who did not appeal, is appropriate. She believes it appropriate because "[c]onflict[s] result[]" since the defendants are joint owners of the same land**.** Yet, conflicting results is not enough as indicated in *Pat Wilson*. Their respective liabilities or rights must be inextricably interwoven or dependent upon each other, and Nguyen does not explain how that is so here. Nor do we see how the liability of the nonappealing defendants is dependent upon Nguyen's liability or vice versa.

Because only Nguyen appealed, we grant the motion for rehearing and modify our original opinion and judgment in the following respect. Only those portions of the trial court judgment entering default against Le Nguyen and awarding damages against her are reversed. Only the claims asserted by Lopez against Le Nguyen are remanded to the trial court. In all other respects, the judgment is undisturbed since our opinion addresses only recovery against Nguyen.

Brian Quinn
Chief Justice

3