In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00378-CV
_____

**RONNIE RAY BROOKS, Appellant**

**V.**

**KENNETH NASH AND RONALD CHIN, Appellees**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 21-02-01554-CV

**MEMORANDUM OPINION**

Ronnie Ray Brooks appealed from a final judgment, signed on November 5, 2021, which dismissed Brooks' civil rights lawsuit after he requested a dismissal in writing and stated in open court that he wished to non-suit his case. We affirm the trial court's judgment.

In his original petition, Brooks complained that in 2013 he was civilly committed as a sexually violent predator although sexual assault charges against him were dismissed in 2008. Even though the petition Brooks filed contains no specific

allegations of fact describing how the defendants violated his constitutional rights, Brooks alleged nine individuals "wrongfully convicted" him, individuals that include Kenneth Nash and Ronald Chin. Brooks sought damages of $50,000 per year between 1979 and 2009, and $80,000 per year beginning in 2009.

The trial court ordered Brooks to appear for a telephone conference and show cause why the case should not be dismissed for want of prosecution, evidently because Brooks failed to obtain service on any of the defendants. Brooks amended his petition to allege a claim of deprivation of civil rights under color of law for which he sought over one million dollars in damages against each defendant for over fourteen years of incarceration. He requested that citation issue.

The trial court held a telephonic hearing several months after ordering Brooks to show cause why his case should not be dismissed for want of prosecution. The trial court noted that the Office of the Attorney General had a motion to quash the citation for Nash and Chin. The trial court also noted that Brooks had filed a motion or letter requesting that the case be dismissed and asked Brooks if he wanted to non-suit his case. He responded, "Yes, ma'am."

On November 5, 2021, the trial court conducted a hearing in which Brooks announced that he wanted to take a non-suit. That same day, the trial court ordered the case dismissed. After the trial court signed the order, Brooks did not file any

2

post-judgment motions seeking to reinstate the case on the trial court's docket.[1] Two weeks after the trial court signed the order of dismissal, Brooks filed a notice of appeal.

On appeal, Brooks filed a brief in which he argues he received an illegal sentence, suggesting the State failed to allege and prove any one of the elements of the offense. He asks that this Court "remove the illegal sentence" and remove a deadly weapon finding from the judgment of conviction based on a lack of proof associated with his intent. That said, this is an appeal from a dismissal of a civil rights lawsuit Brooks filed against two attorneys who represented him in a civil commitment proceeding, so neither the judgment that resulted in his criminal conviction nor the order that resulted in his civil commitment are appealable judgments that fall within the scope of this appeal.

When Brooks announced he wanted the trial court to non-suit his civil rights case, the trial court's signing of the order, which dismissed his suit, was ministerial.[2] Generally, "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as the

---

[1]*See Lawson v. Morrison*, No. 03-19-00301-CV, 2021 WL 1933958, at *2 (Tex. App.—Austin May 14, 2021, no pet.) (mem. op.) ("A nonsuited claim may be revived by filing a motion for new trial, by filing a motion to reinstate or a motion to withdraw the nonsuit, or by agreement of the parties.").

[2]*See Klein v. Hernandez*, 315 S.W.3d 1, 4 (Tex. 2010).

'invited error' doctrine."[3] And when Brooks filed his brief, the complaints he raised address two final judgments, both in cause numbers that had become final—a judgment in a criminal case and a judgment in a civil commitment case. None of the arguments Brooks raises in his brief raise error regarding the manner the trial court handled his request asking to non-suit his petition.

We may not consider issues outside the scope of the issues properly before us in an appeal.[4] Accordingly, we affirm the trial court's judgment dismissing Brooks' petition. All pending motions are denied as moot.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 30, 2022
Opinion Delivered July 14, 2022

Before Kreger, Horton and Johnson, JJ.

---

[3]*Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005).

[4]*See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006); *see also Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.").

4