# NO. 12-23-00282-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *UDO BIRNBAUM,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CSD VAN ZANDT, LLC,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Udo Birnbaum, proceeding pro se, appeals the trial court's grant of summary judgment in favor of CSD Van Zandt, LLC. He presents eight issues on appeal. We affirm.

### BACKGROUND

In 1981, T.C. and Carolyn Ann Travis deeded Birnbaum 150 acres in Van Zandt County. In 2002, Birnbaum sold the property to Gwendolyn Wright Thibodeaux. Gwendolyn died intestate in 2006. After a Van Zandt County court determined her heirs and their respective shares, Louis Thibodeaux, Patricia Moore Barclay, and James T. Moore, III owned the 150 acres. Louis owned fifty percent interest; Barclay owned twenty-five percent interest; and Moore owned twenty-five percent interest. When Louis died in 2019, his will conveyed his interest in the property to Lisa Girot. Therefore, Girot owned a fifty percent interest in the property. On June 24, 2022, CSD purchased the property from Girot, Barclay, and Moore via warranty deed with vendor's lien.

Prior to purchasing the property, CSD learned Birnbaum was living on a portion of the property. Girot also informed CSD that Louis previously attempted to convey the property to Birnbaum in March 2017, but Birnbaum refused. On June 30, 2022, CSD sent Birnbaum a letter requesting he vacate the property. Birnbaum responded by filing a warranty deed in the county records, which purportedly conveyed the property to him in March 2017.

Thereafter, CSD filed suit against Birnbaum asserting actions for declaratory judgment, trespass to try title, and a suit to quiet title. Birnbaum filed an answer and asserted various counterclaims. CSD filed a traditional motion for summary judgment on its claims, which the trial court heard by submission and granted. The trial court then entered a final judgment granting CSD's claims. This appeal followed.

## RIGHT TO JURY TRIAL

In his first, second, fourth, and eighth issues, Birnbaum asserts that he was denied his right to a trial by jury.[1] The right to a jury trial in civil cases is not absolute. *See, e.g., **Green v. W.E. Grace Mfg. Co.**,* 422 S.W.2d 723, 725 (Tex. 1968); ***Martin v. Commercial Metals Co.,*** 138 S.W.3d 619, 626 (Tex. App.—Dallas 2004, no pet.). The summary judgment process provides a method of terminating a case when only questions of law are involved and there are no genuine issues of fact. *See **Lattrell v. Chrysler Corp.**,* 79 S.W.3d 141, 150 (Tex. App.—Texarkana 2002, pet. denied). The process will not deprive litigants of a jury trial where material questions of fact exist. *Id*. However, if there is nothing to submit to a jury, the grant of summary judgment cannot violate a party's constitutional right to a jury trial. *See **id**.; see also **Martin**,* 138 S.W.3d at 627. None of Birnbaum's issues attack the merits of the summary judgment; therefore, we cannot disturb the trial court's determination that there is no genuine issue of material fact. *See **Pat Baker Co v. Wilson***, 971 S.W.2d 447, 450 (Tex. 1998) (appellate court cannot reverse trial court's judgment absent properly assigned error). We overrule Birnbaum's first, second, fourth, and eighth issues.

---

[1] Birnbaum's second issue is titled "A summary judgment cannot substitute for a real judgment," but seems to argue that only a Justice of the Peace can issue a writ of possession. However, he also argues that a jury trial is required before a writ of possession can be issued. Because a writ of possession is not a final, appealable order, we construe his issue as another jury trial argument. *See **LaFontaine v. Hendricks Prop. Mgmt.**,* No. 04–11–00044–CV, 2011 WL 1158399, at * 1 (Tex. App.–San Antonio Mar. 30, 2011, no pet.) (mem. op.) (holding that a writ of possession is neither a final judgment nor an appealable interlocutory order).

2

## STATUTE OF LIMITATIONS

In his seventh issue, Birnbaum claims the statute of limitations for adverse possession "precluded trespass to try title." In support of his argument, Birnbaum includes a copy of his answer in which he pleads statute of limitations as an affirmative defense. However, pleadings are not summary judgment evidence, even if sworn or verified. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995). A party cannot rely on its own pleaded allegations as evidence of facts to oppose its opponent's summary-judgment motion. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818 (Tex. 2021). And the record does not reflect that Birnbaum filed a response to CSD's motion for summary judgment. Although he filed a response to the notice setting the motion for submission, along with his own no evidence motion for summary judgment, neither document references the statute of limitations. *See* TEX. R. APP. P. 33.1 (as prerequisite to presenting complaint for appeal, record must show that complaint was made to trial court by timely request, objection, or motion and trial court ruled thereon). We overrule Birnbaum's seventh issue.

## REMAINING ISSUES

Texas Rule of Appellate Procedure 38.1(*i*) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(*i*). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (appellate court has discretion to deem issues waived due to inadequate briefing). References to sweeping statements of general law are rarely appropriate. *Bolling v. Farmers Branch Ind. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.).

Even though we must construe briefing requirements reasonably and liberally, a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An appellate court has no duty—nor

any right—to perform an independent review of the record and applicable law to determine whether there was error. *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.— El Paso 2007, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Valadez*, 238 S.W.3d at 845.

Moreover, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Interest of A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

Birnbaum's brief is devoid of references to the record. And his brief simply includes broad statements of law without explanation as to how they apply to his facts and arguments. *See Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.) ("merely uttering brief conclusory statements" is not a discussion of the facts and authorities relied upon contemplated by Rule 38). In his third issue, Birnbaum claims genuine issues of material fact exist but offers no record citations or arguments to support his position. His fifth issue claims CSD's "whole cause is nothing but a sales pitch fabrication, record by Plaintiff, then spun into pleadings, motions, affidavits, co-mingling, etc." He claims that CSD's pleadings and evidence are "hearsay upon hearsay" without identifying the specific documents, statements, or claims he is attacking. His sixth issue purports to attack CSD's standing to bring a trespass to try title suit but contains no legal or record citations to support his position. We liberally construed Birnbaum's brief in order to give effect to his arguments. *See* TEX. R. APP. P. 38.9. But it is not our duty to review the record, research the law, and fashion a legal argument for an appellant when he fails to do so. *Zhang v. Capital Plastic & Bags, Inc.*, 587 S.W.3d 82, 90 (Tex. App.— Houston [14th Dist.] 2019, pet. denied). Accordingly, we hold Birnbaum waived any alleged error with respect to issues three, five, and six. We overrule his third, fifth, and sixth issues.

4

## DISPOSITION

Having overruled all of Birnbaum's issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-23-00282-CV**

**UDO BIRNBAUM,**
Appellant
V.
**CSD VAN ZANDT, LLC,**
Appellee

---

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. 22-00105)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **Udo Birnbaum**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*